IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **REGINALD CRAIG HILL,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:08-CV-706-A |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Reginald Craig Hill, TDCJ-ID #1397933, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Iowa Park, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

On October 10, 2006, Hill was convicted by a jury in state court of burglary of a habitation

and evading arrest in cause number 0981051D and sentenced to eighty years' and twenty years' imprisonment, respectively. Hill appealed, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Hill's petition for discretionary review. *Hill v. Texas*, No. 2-06-357-CR, slip op. (Tex. App.–Fort Worth Sep. 27, 2007); *Hill v. Texas*, PDR No. 1727-07. Hill also filed a state application for writ of habeas corpus, which was denied by the Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Hill*, Application No. WR-33,666-05, at cover. This federal petition for writ of habeas corpus followed.

At trial, the evidence showed that on the afternoon of June 5, 2005, Fred Joyce and his grandson arrived at the residence owned by Mary Stone Myers in Grapevine, Texas, a portion of which Joyce and Myers used as an office in their real estate development business. (4RR at 18-56) Joyce saw a strange car in the driveway so he drove past, turned around, stopped and called the Grapevine police. As the police approached the house, Hill fled in the car and led police on a high speed chase in excess of 110 miles per hour. After crashing the car, Hill fled on foot but was soon apprehended. (4RR at 57-79; 5RR at 8-46) Joyce and Myers later identified various items removed from the house. (5RR at 86-92) The police recovered no fingerprints, however a pair of brown cloth gloves were seized near Hill when he was arrested. (5RR at 47-50) Further, the model and size of the shoes Hill was wearing at the time of his arrest matched impressions left at the scene. (5RR at 51-81)

### D. ISSUES

Hill states the following grounds for habeas relief:

(1) False arrest;

    (2)    Failure to charge crimes;
    (3)    Illegal sentences; and
    (4)    Ineffective assistance of counsel. (Petition at 7-8)

### E. RULE 5 STATEMENT

Thaler contends one or more of Hill's claims are unexhausted as required by 28 U.S.C. § 2254(b)(1), and procedurally barred. (Resp't Answer 4-8)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

Hill states that he raises the claims presented for the first time in this federal petition but asserts the basis for the claims was not known or available to him until recently. (Pet'r Memorandum at 6) The claims are therefore unexhausted. Under the Texas abuse-of-the-writ

doctrine, Hill cannot now return to state court for purposes of exhausting the claims. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Hill's claims (1), (2), (3), and (4), in part, raised for the first time in this petition are procedurally barred from the court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000). Moreover, the claims, which appear to arise from Hill's mischaracterization of allegations in the state's response to his state habeas application, are factually incorrect and frivolous.

### *(4) Ineffective Assistance of Counsel*

Hill claims he received ineffective assistance of counsel on appeal because counsel failed to perfect an appeal in the correct cause number. The state habeas court found that, while it was true that counsel cited to the wrong cause number in his appellate brief and his petition for discretionary review, counsel's mistake was a clerical error that had no effect on Hill's appeal. (05State Habeas R. at 60)

Federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000). *See also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (holding when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is typically an adjudication on the merits, which is entitled to the presumption). Hill has failed to rebut the

4

presumption of correctness of the state courts' determination of the issue by clear and convincing evidence.

## II.  RECOMMENDATION

Hill's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 17, 2009.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 17, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 17, 2009.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE